**United States District Court**
**Southern District of New York**
────────────────────────────────────────

**PHILLIP FRIESON,**
                        **Plaintiff,**

    - against -

**THE CITY OF NEW YORK, ET AL.,**

                        **Defendants.**
────────────────────────────────────────

**11 Civ. 4611 (JGK)**

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

    This case involves and alleged unconstitutional strip search of the plaintiff Phillip Frieson ("Frieson") by the defendants while Frieson was incarcerated.  Frieson brings this action pursuant to 42 U.S.C. § 1983.  The defendants are the City of New York (the "City") and several as yet unidentified officers (the "John Doe defendants") from the City's Department of Corrections ("DOC").  The City now moves to dismiss Frieson's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

I.

    In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor.

McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007); Arista Records LLC v. Lime Grp. LLC, 532 F. Supp. 2d 556, 566 (S.D.N.Y. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff on a motion to dismiss, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678; see also SEC v. Rorech, 673 F. Supp. 2d 217, 221 (S.D.N.Y. 2009); Morales v. City of New York Dept. of Juvenile Justice, No. 10 Civ. 829, 2012 WL 180879, at *2-*3 (S.D.N.Y. Jan. 23, 2012).

The pleadings and allegations of a pro se plaintiff must be construed liberally for the purpose of a motion to dismiss pursuant to Rule 12(b)(6). See McKithen v. Brown, 481 F.3d 89,

96 (2d Cir. 2007); Weixel v. Bd. of Educ., 287 F.3d 138, 145-46 (2d Cir. 2002). Additionally, the submissions of a pro se litigant should be interpreted to "raise the strongest arguments that they suggest." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)); see also Schoon v. Berlin, No. 07 Civ. 2900, 2011 WL 1085274, at *2 (S.D.N.Y. Mar. 23, 2011).

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); Rorech, 673 F. Supp. 2d at 221.

**II.**

The City contends that the Complaint in this case is barred by the three year statute of limitations that applies to claims for violations of § 1983. See Corona Realty Holding, LLC v. Town of North Hempstead, 382 F. App'x 70, 72 (2d Cir. 2010) ("There is a three-year statute of limitations for actions brought under Section 1983 that arise in New York." (citing

Washington v. County of Rockland, 373 F.3d 310, 317 (2d Cir. 2004)).

Frieson filed his complaint in this case in June, 2011. In his Complaint, Frieson alleges that he was subject to unconstitutional strip searches in October and November of 2002. Unless some toll applies, the Complaint is plainly time barred. The issue is whether Frieson's involvement in the McBean class action litigation tolled the statute of limitations.[1] See Choquette v. City of New York, --- F. Supp. 2d ---, Nos. 10 Civ. 6485, 11 Civ. 789, 11 Civ. 786, 11 Civ. 787, 10 Civ. 5781, 11 Civ. 788, 2012 WL 906680, at *1-*3 (S.D.N.Y. Mar. 19, 2012) (describing the course of the McBean litigation). The McBean litigation was finally settled on October 22, 2010. Id. at *3. The plaintiff opted out of the settlement in 2010.[2] There is no

---

[1] The McBean litigation refers to the consolidated class actions in, among other cases, McBean v. City of New York, No. 02 Civ. 5426 and Ramos v. City of New York, Nos. 02 Civ. 5426, 03 Civ. 4114.

[2] The plaintiff has produced letters, the veracity of which the City does not dispute, indicating that he excluded himself from the McBean settlements. The City argues that the Court should ignore these documents because they were not included with the Complaint. However, the documents that the plaintiff introduced showing that he excluded himself from the McBean Settlement are "integral" to the complaint, inasmuch as the Complaint explicitly discusses the McBean litigation. (See Compl. at 4). In any event, if the Court did not consider this undisputed evidence that the plaintiff excluded himself, there would still be a factual issue as to whether or not the plaintiff did so,

4

dispute that, if the plaintiff was a member of the putative classes in the McBean litigation, the statute of limitations would have been tolled during the pendency of that litigation pursuant to American Pipe and Construction Co. v. Utah, 414 U.S. 538 (1974) and its progeny.  See id. at 554 ("[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."  However, the City argues that McBean did not toll the statute of limitations for the plaintiff because the McBean classes involved only persons who were strip searched after having been arrested for non-felony offenses, and the plaintiff was arrested for felony offenses.  See, e.g., In re Agent Orange Product Liability Litigation, 818 F.2d 210, 213 (2d Cir. 1987) (refusing to apply American Pipe tolling to "plaintiffs who were not members of either the proposed or certified class").

    The plaintiff argues that at least some of his arrests were for non-felony charges.  Indeed, the plaintiff attached to his Complaint an arraignment transcript, dated October 2, 2002, immediately prior to the first of the alleged unconstitutional strip searches, in which he was "charges with 120.00 sub(1),

---

particularly where, as here, the plaintiff is proceeding pro se and the allegations in his Complaint must be read to raise the "strongest arguments that they suggest."  Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

5

other related charges." (Compl. at 12.) This is a misdemeanor offense. See N.Y. Penal. Law § 120.00 ("Assault in the third degree is a class A misdemeanor."). Whether the plaintiff was a member of the McBean Class for the purposes of American Pipe tolling is thus a question of fact that cannot be resolved on a motion to dismiss. Accordingly, the City's motion is **denied**.

### III.

The City also moves to limit Frieson's potential damages to nominal damages. The City argues that Frieson has alleged that he suffered only "mental or emotional injury," recovery for which is barred under the Prison Litigation Reform Act (PLRA) absent a showing of physical injury. See 42 U.S.C. § 1997e(e). However, at the motion to dismiss stage, the Court cannot, and need not, conclusively resolve the factual question of whether or not the plaintiff suffered physical injury in addition to his claimed mental and emotional injury. In any event, the PLRA allows for the recovery of some damages beyond nominal damages, for example, punitive damages. See Thompson v. Carter, 284 F.3d 411, 419 (2d Cir. 2002) ("[C]ompensatory damages for actual injury, nominal, and punitive damages remain available" under the PLRA). The motion to limit damages is therefore **denied**.

6

## CONCLUSION

The Court has carefully considered all of the parties' arguments. To the extent not specifically addressed above, they are either moot or without merit. For the reasons stated above, the defendants' motion to dismiss and to limit damages is denied.

The Clerk is directed to close Docket No. 15.

SO ORDERED.

Dated:   New York, New York
         May 29, 2012

                                    /s/ John G. Koeltl
                                    _____
                                    John G. Koeltl
                                    United States District Judge