**United States District Court**
**Southern District of New York**
_____

**PHILLIP FRIESON,**
                            **Plaintiff,**

      - against -

**THE CITY OF NEW YORK, ET AL.,**
                         **Defendants.**
_____

**11 Civ. 4611 (JGK)**

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

    The Court has received the defendant's motion for reconsideration. The motion is **denied without prejudice**.

    The basis for the City's motion is the Supreme Court's recent decision in Florence v. Board of Chosen Freeholders, 132 S. Ct. 1510 (2012). As the City acknowledges, the decision that the City asks the Court to reconsider concerns the City's motion to dismiss on the ground that the plaintiff's action was time-barred because the plaintiff's claims were allegedly not tolled by the filing McBean/Ramos class action litigation. The Court denied that motion. See Frieson v. City of New York, No. 11 Civ. 4611, 2012 WL 1948782 (S.D.N.Y. May 30, 2012).

    A party moving for reconsideration "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion." Lichtenberg v. Besicorp Grp. Inc, 28 F. App'x 73, 75 (2d Cir. 2002) (summary order) (internal quotation marks and citations omitted). The City argues that the Florence decision, which

1

concerned a § 1983 action alleging unconstitutional strip searches of misdemeanor arrestees, renders the plaintiff's claim meritless. However, there is no argument that <u>Florence</u> dealt with the issues of tolling in the class action context, which it did not, or that the Court overlooked the decision, because it was never raised. This is simply a new argument, and could be the basis for a new motion, but is not a basis for a motion for reconsideration. The City's motion for reconsideration is therefore **denied without prejudice** to raising the <u>Florence</u> issue on proper motion, for example in a motion for summary judgment. In doing so, the City should consider whether there are any factual differences between the policy found to be constitutional in <u>Florence</u>, and the policy that the City had followed with respect to the plaintiff.

## CONCLUSION

The Court has carefully considered all of the parties' arguments. To the extent not specifically addressed above, they are either moot or without merit. For the reasons stated above, the City' motion for reconsideration is **denied without prejudice**. The Clerk is directed to close Docket No. 25.

SO ORDERED.
Dated: New York, New York
       June 8, 2012

John G. Koeltl
United States District Judge

2